**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID O. RASSENFOSS,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　Agency.

DOCKET NUMBER
CH-4324-13-0386-B-1

DATE: February 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David O. Rassenfoss, Florence, Kentucky, pro se.

Daniel C. Mullenix, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) for failure to prosecute. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal with the Board alleging that the agency violated his rights under USERRA when it failed to award him a Quality Step Increase for the performance appraisal period when he was absent performing military service. *See Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512 (2014). The administrative judge denied the appellant's request for corrective action under USERRA and the appellant filed a petition for review, which the Board granted. *See id.* The Board remanded the appeal to the Central Regional Office, finding that the appellant failed to establish that the agency discriminated against him in violation of 38 U.S.C. § 4311 but that the administrative judge should adjudicate the appellant's USERRA reemployment claim. *See Rassenfoss*, 121 M.S.P.R. 512.

¶3      On remand, the administrative judge issued an order scheduling a preliminary status conference for October 2, 2014.[2] RAF, Tab 4. The appellant failed to appear for the status conference. *See* RAF, Tab 6. The administrative judge then ordered the appellant to show good cause by October 14, 2014for his failure to appear at the status conference. *Id.* She advised the appellant that if he failed to respond to her order, "the sanction of dismissal with prejudice for failure to prosecute may be imposed." *Id.* at 2. The appellant did not respond to the show cause order. *See* RAF, Tab 7, Remand Initial Decision (RID) at 2. Thus, on October 15, 2014, the administrative judge issued an initial decision dismissing the appellant's appeal for failure to prosecute, given that he did not appear for the status conference and failed to respond to her show cause order. RID.

¶4      The appellant has filed a petition for review, declaring under penalty of perjury that the facts stated therein are true and correct. B-1, Petition for Review (PFR) File, Tab 1. He does not dispute that he failed to attend the status conference and respond to the show cause order. *Id.* However, he claims that he did not receive service of any documents from the Board on remand because all notices were sent to an inactive email address although he had updated his email address on the Board's website.[3] *Id.* He also asserts that on October 15, 2014, before the initial decision was entered into the record, he: (1) contacted a Board Administrative Officer (AO) in the Central Regional Office and learned that his remanded appeal had a new docket number; (2) contacted the administrative judge upon viewing her show cause order; (3) informed both the AO and the administrative judge that his email address had changed, that his prior email account was closed, and that he had not received any documents from the Board

---

[2] On August 29, 2014, the administrative judge issued an order scheduling the status conference for September 22, 2014, but she subsequently granted the agency's motion to reschedule the status conference. MSPB Docket No. CH-4324-13-0386-B-1 (B-1), Remand Appeal File (RAF), Tabs 2-4.

[3] The appellant elected to e-file. MSPB Docket No. CH-4324-13-0386-I-1, Initial Appeal File (IAF), Tab 1 at 2.

in his remanded appeal; and (4) contacted the Board's technical support office to again request that his email address be updated.[4] *Id.* He states that, notwithstanding his informing the AO, the administrative judge, and the technical support office of these issues and his new email address, the initial decision was still issued, notably to his inactive email address. *Id.* The agency has filed a response in opposition to the appellant's petition for review, but he has not submitted a reply. PFR File, Tab 3.

¶5    Under the Board's regulations, an administrative judge may dismiss an appeal with prejudice if a party fails to prosecute or defend an appeal. 5 C.F.R. § 1201.43(b). The sanction of dismissal may be imposed when a party has: (1) failed to exercise basic due diligence in complying with Board orders; or (2) exhibited negligence or bad faith in its efforts to comply. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 8 (2011). However, the Board generally dismisses an appeal for failure to prosecute only after an appellant has failed to respond to more than one Board communication. *See, e.g.*, *Bieker v. Veterans Administration*, 22 M.S.P.R. 217, 219 (1984).

¶6    The appellant states that he updated his email address "through the 'My Account' feature." PFR File, Tab 1 at 4. If he did update his email address in the "My Account" section of his e-Appeal account, this would not have been sufficient to update his email address for the purpose of receiving notice of pleadings and orders docketed in his appeal. Indeed, the Board's regulations regarding electronic filing procedures[5] state that "[e]ach e-filer must notify the

---

[4] The technical support office's records indicate that the appellant submitted such a request electronically on October 15, 2014. However, he stated in his request, "I updated my email some time ago and have not received any notices for this Docket number. As a result the Judge has entered a decision and I will now have to appeal the case again to the Headquarters." Thus, it appears that the appellant was aware, by the time he contacted technical support, that a decision had been entered in the instant appeal.

[5] The acknowledgement order referred the parties to 5 C.F.R. § 1201.14 for additional information regarding electronic filing. IAF, Tab 2 at 17.

MSPB and other participants of any change in his or her e-mail address" and that, when doing so via e-Appeal Online, "such notification is done by selecting the 'Pleading' option." 5 C.F.R. § 1201.14(e)(6). The e-Appeal homepage advises, under the "Pleading" heading: "This option includes . . . submitting a Designation of Representative or Changes in Contact Information." U.S. MSPB e-Appeal Online, https://e-appeal.mspb.gov (last visited Dec. 8, 2014). Further, under the "e-Filing Status" heading, the homepage states: "If you are reporting a change in contact information, such as telephone number or address (physical or e-mail), click the second option, File a Pleading in an Existing Proceeding." *Id.*

¶7        In any event, an appellant has a personal obligation to diligently monitor the progress of his appeal at all times, which includes notifying the Board of any change of address and ensuring the timely forwarding of correspondence. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 12 (2007); *Stewart v. Department of the Navy*, 93 M.S.P.R. 147, ¶ 5 (2002). The appellant does not indicate when he updated his email address under "My Account." Thus, even if we excuse the appellant's failure to comply with the Board's regulations for updating his email address via the e-Appeal system, the fact remains that he has failed to show that he acted diligently in attempting to update his email address to ensure timely notification of filings in his appeal.

¶8        We also are not persuaded that the appellant was totally unaware of the status of his appeal before October 15, 2014. First, it appears that the appellant received the Board's remand order because we see no reason why he would have contacted the Central Regional Office if he believed his first petition for review was still pending before the full Board in Washington, D.C. Second, in its motion to reschedule the status conference, the agency's representative indicated that, in an attempt to confer with the appellant regarding rescheduling, he called and left voicemail messages at the home and "other" telephone numbers listed on the appellant's initial appeal form. RAF, Tab 3 at 2. The certificate of service accompanying the motion indicates that it was sent to the appellant by U.S. mail

on September 9, 2014, at the address listed on his initial appeal form. *Compare id.* at 3, *with* IAF, Tab 1 at 1. The caption of the agency's motion bore the new docket number issued on remand. RAF, Tab 3 at 1. The appellant has not disputed that he received the voicemails or that he received the motion in due course of the mails. Notably, although he specifies that he "did not receive electronic or other service from the Merit Board," he does not similarly allege that he received nothing from the agency on remand. Thus, it would seem that, at the very least, the appellant had notice that a new docket number had been assigned in his appeal, and that a status conference had been ordered by the administrative judge and was in the process of being rescheduled. *See id.*

¶9     Based on the foregoing, we find that the administrative judge did not abuse her discretion in dismissing the appellant's appeal for failure to prosecute. The appellant admittedly failed to comply with two of the administrative judge's orders and has not shown that he exercised basic due diligence by timely updating his contact information so that he could stay abreast of the developments in his appeal. Finally, the record evidence belies his suggestion that he was unaware of the status of his appeal until the date the initial decision was issued. We therefore AFFIRM the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____

                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.